UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM LOFTON                )
                              )
        Plaintiff,            )
                              )
v.                            )        CASE NO.:   3:21-cv-743-DJH
                              )
WALTER BREWER and             )        *Electronically Filed*
MESA FOODS, LLC               )
                              )
        Defendants.           )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Mesa Foods, LLC ("Defendant" or "Mesa Foods") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1446(a) in the office of the Clerk of the United States District Court for the Western District of Kentucky, Louisville Division. Defendant shows by its undersigned counsel, that:

1.      Plaintiff William Lofton ("Plaintiff") brought an action against Defendant in the Jefferson Circuit Court, Jefferson County, Kentucky, Civil Action Number 21-CI-006423, by filing a Summons and Complaint on or about November 10, 2021. True copies of all process, pleadings, and orders served upon Mesa Foods are attached hereto as Exhibit A. Defendant Brewer has not been served.

2.      The Jefferson Circuit Court is located within the jurisdiction of the United States District Court, Western District of Kentucky, Louisville Division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

3.      Defendant received notice of the Summons and Complaint, through service or otherwise, on November 15, 2021.

4.     Plaintiff's action against Defendant is one over which the Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, in that it arises under the laws of the United States.  As such, this action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

5.     The Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  Section 301 preempts state law causes of action where (a) resolving the claim would require interpretation of the terms of the collective bargaining agreement, or (b) the claim asserts rights created by the collective bargaining agreement.  *See, e.g., Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985) ("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law"); *see also DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir. 1994).  Either requirement is sufficient, and both exist here, so this matter is removable pursuant to 28 U.S.C. §§ 1331 and 1441.

6.     Plaintiff is a current employee of Mesa Foods and is a member of the collective bargaining unit represented by the United Food and Commercial Workers Union, Local 227.  During times relevant to the Complaint, all terms and conditions of Plaintiff's employment were and are governed by a collective bargaining agreement ("CBA").

7.     Plaintiff's claims, including his sexual harassment claims, are completely preempted by § 301 because their evaluation is "inextricably intertwined with consideration of the terms of [a] labor contract," and/or they are claims that assert a violation of the bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

8.      Section 301 of the LMRA states, "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court in the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Here, the "rights claimed by the plaintiff[s] were created by the collective bargaining agreement" and "resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004).  Thus, the claims asserted in the Complaint are completely preempted.

9.      This matter is removable to this Court pursuant to 28 U.S.C. § 1441.

10.     This Notice of Removal is made and filed within 30 days of receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which is action is based, as provided by 28 U.S.C. § 1446(b).

PLEASE TAKE FURTHER NOTICE that Defendant, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service and has also filed a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Irina Strelkova

C. Laurence Woods III
lwoods@fbtlaw.com
Souhila EL Moussaoui
selmoussaoui@fbtlaw.com
Irina Strelkova
istrelkova@fbtlaw.com
400 West Market Street, 32nd Floor
Louisville, KY  40241
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Counsel for Defendant Mesa Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and have served a copy of the foregoing and the notice of electronic filing by first class U.S. Mail, postage prepaid, upon the following:

J. Andrew White
734 South First Street
Louisville, KY 40202
(502) 585-5522
*Counsel for Plaintiff*

/s/ Irina Strelkova

*Counsel for Defendant Mesa Foods, LLC*

EN11825.Public-11825   4888-6990-4134v1

4