UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM LOFTON, Plaintiff,

v. Civil Action No. 3:21-cv-743-DJH

WALTER BREWER and MESA FOODS, LLC, Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff William Lofton sued his employer, Defendant Mesa Foods, LLC, and another Mesa Foods employee, Defendant Walter Brewer, in state court. (Docket No. 1-1) Defendants removed the action to this Court (D.N. 1), and Lofton now moves to remand. (D.N. 5) After careful consideration, the Court will grant the motion.

**I.**

Lofton, a Mesa Foods employee, initiated this action in state court in November 2021, alleging that Brewer "made sexual comments" to him during the course of their employment and claiming hostile work environment based on sexual harassment in violation of state law. (D.N. 1-1, PageID # 6–8) Defendants removed the action to this Court on December 15, 2021, pursuant to 28 U.S.C. § 1331. (D.N. 1) Lofton now moves for remand, arguing that the Court does not have subject-matter jurisdiction over this action because he asserts only a state-law claim. (D.N. 5) Defendants contend that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides subject-matter jurisdiction because Lofton is a member of Local 227, United Food and Commercial Workers Union, which has a collective bargaining agreement with Mesa Foods. (D.N. 7)

1

## II.

"To preserve the effectiveness of labor arbitration and promote uniformity in labor disputes," § 301 states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties[.]" *Adamo Demolition Co. v. Int'l Union of Operating Eng'rs Loc. 150*, 3 F.4th 866, 872 (6th Cir. 2021) (first alteration in original) (quoting 29 U.S.C. § 185(a)) (internal quotation marks omitted). Because "Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules," a state-court action "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985). "The complete preemption doctrine, applied 'primarily in cases raising claims pre-empted by § 301 of the LMRA,' holds that '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Adamo Demolition*, 3 F.4th at 872 (alteration in original) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

The Sixth Circuit has articulated a two-part test for determining whether a state-law claim is completely preempted by § 301. *See id.* at 873. "[T]he court must first 'examine whether proof of the . . . claim requires interpretation of collective bargaining agreement terms.'" *Id.* (quoting *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994)). Second, the court assesses "whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law." *Id.* (quoting *DeCoe*, 32 F.3d at 216) (internal quotation marks omitted). "If the claim 'does not invoke contract interpretation' and 'is borne of state law,' then it is not preempted. *Id.*

"But if the claim does require interpretation of the agreement or the agreement created the right, the claim is preempted." *Id.* (citing *DeCoe*, 32 F.3d at 216).

A court must "look[] to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort." *Id.* (quoting *DeCoe*, 32 F.3d at 216) (internal quotation marks omitted). "'[N]either a tangential relationship to [a collective bargaining agreement] nor the defendant's assertion of the contract as an affirmative defense' makes a claim dependent on a collective bargaining agreement." *Id.* (alterations in original) (quoting *DeCoe*, 32 F.3d at 216). "The 'bare fact' that 'a court must consult the [collective-bargaining agreement] for information helpful to resolving the claim is not enough to result in preemption.'" *Prince v. Appalachian Reg'l Healthcare, Inc.*, 154 F. Supp. 3d 516, 519 (E.D. Ky. 2015) (alteration in original) (quoting *Howard v. Cumberland River Coal Co.*, 838 F. Supp. 2d 577, 583 (E.D. Ky. 2011)). Defendants therefore must demonstrate that Lofton's claim either hinges on a right created solely by or involves an interpretation of the collective bargaining agreement. *See Adamo Demolition*, 3 F.4th at 873; *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012) (noting that the removing party has the burden of establishing federal subject-matter jurisdiction).

Defendants, quoting the CBA, assert that it prohibits sexual harassment, including "sexual innuendo, suggestive comments, jokes, [and] obscene language or gestures." (D.N. 7, PageID # 31) The CBA also provides that an employee who experiences sexual harassment should notify a supervisor or Human Resource Manager, and the company will then "investigate [the] complaint." (*Id.*, PageID # 32) An employee who is unsatisfied with the company's handling of a complaint may file a grievance pursuant to the process outlined in the CBA. (*Id.*)

3

Defendants do not assert that Lofton's claim hinges on rights created solely by the CBA (*see* D.N. 7), nor could they, as the claim involves rights protected by the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.040.  The second part of the Sixth Circuit's test is therefore unsatisfied.  *See DeCoe*, 32 F.3d at 216.  Defendants instead argue that the first part of the test, *see id.*, applies to Lofton's claim because the Court must interpret the CBA to determine whether Lofton "waived" his state-law claim by failing to file a grievance "as required by the CBA."  (D.N. 7, PageID # 32)  But "reliance on the CBA as a defense is, in itself, insufficient to trigger preemption."  *See Paul*, 701 F.3d at 521 (citing *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 800 (6th Cir. 1990) ("[A] defendant's reliance on a CBA term purely as a defense to a state law claim does not result in section 301 preemption.")) (finding no preemption of the plaintiff's state-law discrimination claim, despite the CBA's requirement that discrimination complaints be settled through the company's grievance process); *see also Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1332 (6th Cir. 1989) (en banc) ("That [the defendant] may defend . . . by reference to its responsibilities under the collective bargaining agreement . . . is, in our view, no basis to hold that § 301 preemption is mandated under these circumstances.").

Moreover, Lofton's hostile-work-environment claim is merely "tangentially related" to the CBA.  *Paul*, 701 F.3d at 522.  He neither chose "to pursue CBA remedies in [his] complaint, which allege[d] violations of state . . . law," nor mentioned the CBA or its provisions in his complaint.  *Id.* at 521 (citing *Smolarek*, 879 F.2d at 1332–33).  His dispute "does not stem from any difference about what the CBA provisions say or how they operate."  *Id.* at 523.  Rather, it involves a "purely factual question," which does not "require construing the collective-bargaining agreement."  *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988); *see DeCoe*, 32 F.3d at

4

216 ("If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement.").

To succeed on his hostile-work-environment claim, Lofton must show that (1) he "is a member of a protected class"; (2) he "was subjected to unwelcome sexual harassment; (3) "the harassment was based on [his] sex"; (4) "the harassment created a hostile work environment"; and (5) "the employer is vicariously liable." *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 347–48 (6th Cir. 2005) (citing *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999)); *see Ammerman v. Bd. of Educ.*, 30 S.W.3d 793, 797–98 (Ky. 2000). Whether Lofton is able to satisfy these elements is a "factual inquiry" and will not require interpretation of the CBA. *Lingle*, 486 U.S. at 407; *see Smolarek*, 879 F.2d at 1332 (determining that state-law discrimination and retaliation claims did not require interpretation of the CBA and therefore finding no preemption); *cf. DeCoe*, 32 F.3d at 216–17 (concluding that a state-law defamation claim was completely preempted because to succeed on the claim, the plaintiff had to establish that his coworker's complaints of sexual harassment against him were unprivileged under the CBA). The Court will therefore grant the motion to remand. *See Lingle*, 486 U.S. at 407; *Paul*, 701 F.3d at 521–23.

## III.

Defendants have failed to demonstrate that Lofton's state-law claim derives solely from or relies on an interpretation of the CBA. *See Paul*, 701 F.3d at 521–23. Section 301 thus does not completely preempt the claim. *See id.* Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Lofton's motion to remand (D.N. 5) is **GRANTED**. This case is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c).

May 11, 2022

David J. Hale, Judge
United States District Court

6